## HARLEY v. BUFFALO CAR MANUF'G CO.

*(Supreme Court, General Term, Fifth Department.* October 21, 1892.)

EVIDENCE—CONCLUSIONS.

In an action for injuries resulting from the breaking of fasteners joining the ends of a belt used on machinery, the identical fasteners having been introduced in evidence as exhibits, it was no encroachment on the province of the jury to ask a witness directly whether that kind of a fastener was a proper and secure one or insufficient.

Appeal from circuit court, Erie county.

Action by Frank Harley against the Buffalo Car Manufacturing Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

For former report, see 15 N. Y. Supp. 37.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Adelbert Moot,* for appellant. *George Wing,* for respondent..

PER CURIAM. The plaintiff, who is a common laborer, was in the employment of the defendant in the month of September, 1889; and while engaged in removing shavings from the factory of the defendant, in which there was a large amount of machinery, consisting of shafting and drive wheels for the purpose of running lathes by leather belts, etc., was seriously injured by the breaking of a belt, one end of which struck him in the face, and destroyed one of his eyes. No question is made but that the plaintiff was properly conducting himself, and acting under the general directions of the defendant's foreman. No motion was made in behalf of the defendant for a new trial at the circuit, or at the special term. There is therefore no question of fact before us; and, unless the trial court committed some error which was prejudicial to the defendant's rights, the judgment appealed from should be affirmed. The trial seems to have proceeded in all respects under the doctrine contained in the opinion of this court in this case, as reported in *Harley* v. *Manufacturing Co.,* 15 N. Y. Supp. 37. Upon the first trial, as well as upon the last, the question of fact related to the strength and sufficiency of the belt fasteners which were used to attach the ends of the belt together. Much evidence was adduced to show that the fastener in question, which is spoken of generally as the "Buffalo Belt Fastener," was insufficient for the purpose designed; and we think, on the whole, that there was enough evidence to warrant the court in submitting the question to the jury, and that their verdict cannot be disturbed upon the merits.

But it is argued that the court committed an error in the reception of testimony, in permitting witnesses to put themselves in place of the jury, and in being allowed to testify that the fastener in question was not sufficient for the purpose. The first testimony of this description was given by the witness Hamilton, who testified that he was the owner of a planing mill which he had conducted for 21 years. He was acquainted with this kind of a fastener. He had used it, but had thrown it aside after a short trial. He was then asked whether it was a proper and secure fastener, and an objection was taken, not to the competency of the man to speak upon the subject, nor upon any other ground except that the evidence was incompetent. Thereupon the witness said he did not think the fastener a good, practical fastener; that it wouldn't hold; it was necessary to have something that would stay; that this kind of a fastener gave out, would break, and was not what was required; that it was not a safe, practical fastener, because it was liable to give out. Other evidence of this character was adduced upon the trial; and later on an objection finally was taken to it, that the questions put to the witness were to be decided by the jury alone. But, as the testimony already noted was given without objection, we hardly think that this form of objection is available.

even if the witnesses had been permitted to speak, in some sort, upon the ultimate question to be determined by the jury themselves. But it appears to us that the objection in this instance, namely, that the witness was putting himself in the jury box and deciding the question for the jury, is not tenable, from the very nature of the inquiry which was necessary to be entered upon at the trial. The whole question of fact related to the sufficiency and adaptability of this fastener to the purposes required, and whether it was competent and sufficient means of attaching the ends of the belt together into an endless band for the purpose of propelling machinery. We do not think it was necessary in this instance for counsel and witness to resort to any circumlocution; but, having the identical fasteners before them in shape of exhibits which were introduced in evidence, the witnesses could be called upon, safely, to determine whether that particular mode of fastening the ends of the belt together was an approved and common mode, or whether it was insufficient for the purpose designed.

The judgment appealed from should be affirmed. All concur.